UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                                                 :

NEW YORK CITY DISTRICT COUNCIL OF     :
CARPENTERS PENSION FUND, et al.,         :

                                         Plaintiffs,     :
                                                         :      06 Civ. 13150 (GEL) (JCF)

        -against-                :
                                                           :      **OPINION AND ORDER**

QUANTUM CONSTRUCTION and NOEL      :
GRIFFIN,                                          :

                                               Defendants.   :
------------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      In this action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor-Management Relations Act of 1947 (the "Taft-Hartley Act"), 29 U.S.C. § 185, plaintiffs New York City District Council of Carpenters Pension Fund et al. ("the Funds") seek damages stemming from the failure of Quantum Contracting Corp. ("Quantum") and its President, Noel Griffin, to pay periodic fringe benefit contributions to the Funds as required by the collective bargaining agreement ("CBA"). Following entry of a default judgment, the matter was referred to the to the Honorable James C. Francis IV, United States Magistrate Judge, for an inquest on damages. Following a hearing, at which defendants did not appear, Judge Francis issued his Report and Recommendation ("R&R") on September 4, 2008. The plaintiffs timely served objections on October 17, 2008. Having carefully considered de novo the issues presented by the R&R, the objections, and the evidence presented by plaintiffs, the Court sustains the objections in part and overrules them in part, and adopts the R&R as the opinion of

the Court, except to the extent inconsistent with this opinion.

## BACKGROUND

The underlying facts are carefully laid out in Judge Francis's characteristically thorough and thoughtful R&R, and will not be detailed here. In essence, the allegations in the complaint (which, given defendants' default, must be accepted as true, except with respect to the issue of damages), and the evidence presented by plaintiffs, supports the conclusion that the corporate defendant and its principal, Noel Griffin, not only violated the terms of the collective bargaining agreement by failing to pay fringe benefits due to their employees, but did so through a systematic fraud perpetrated by Griffin, in which employees were paid off the books out of a separate checking account whose existence was never disclosed to the plaintiff funds or their auditors. As explained by Judge Francis, Griffin's fraudulent actions as a controlling corporate officer rendered him personally liable for the payments due under the CBA. (R&R at 7-9.)

Moreover, as Judge Francis also detailed, the plaintiffs provided evidence that of the 152 individuals paid out of the secret account, there was evidence from which to conclude that 49 were engaged in work covered by the CBA (R&R at 14). Accordingly, Judge Francis recommended that the Court find all defendants jointly and severally liable for the principal amount of benefit fund contributions owed to the Funds as to those payees,[1] plus pre-judgment interest. He further recommended that the Court find the corporate defendant liable for liquidated damages, attorneys' fees, and costs. Plaintiffs do not object to the R&R to the extent

---

[1] Of the 49 employees engaged in work covered by the CBA, Judge Francis subsequently excluded those to whom checks were issued only outside the dates identified in the Complaint, and those who plaintiffs' expert had determined were already accounted for in the previous 2004 audit. After making these adjustments, Judge Francis determined that Quantum was delinquent in making benefit contributions as to 22 covered payees. (R&R at 19.)

that it finds the defendants liable for these amounts – except to the extent that they object to certain computations leading to the precise figure of the total contributions owed – and the Court, having reviewed these conclusions de novo, finds that defendants are indeed liable for these sums, and adopts the findings of the R&R as the opinion of the Court to that extent.

However, plaintiffs object to the R&R insofar as it limits their recovery in various ways. Two of these objections have merit, as described below.

## DISCUSSION

I.  The Remaining Payees

Plaintiffs' principal objection concerns Judge Francis's recommendation that defendants not be found liable for benefit payments due to the remaining 103 individuals who were paid out of the secret account. Judge Francis concluded that the Funds did not present sufficient evidence to demonstrate that these payees were performing work covered by the CBA. (R&R at 14.) The Court agrees with Judge Francis.

The burden-shifting analysis governing the issue is well-settled,[2] and plaintiffs do not dispute Judge Francis's careful and accurate analysis. As the R&R correctly states,

> In a default judgment, "the allegations in the complaint with respect to the amount of damages are not deemed true." Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155

---

[2] The burden-shifting analysis discussed herein is adapted from decisions of the Sixth, Ninth and Eleventh Circuits. See Michigan Laborers' Health Fund v. Grimaldi Concrete, Inc., 30 F.3d 692, 696-97 (6th Cir. 1994); Brick Masons Pension Trust v. Indus. Fence & Supply, Inc., 839 F.2d 1333, 1338-39 (9th Cir. 1988); Combs v. King, 764 F.3d 818, 825-27 (9th Cir. 1985). The analysis has been widely adopted by district courts in this Circuit, see, e.g., Grabois v. Action Acoustics, Inc., No. 94 Civ. 7386, 1995 WL 662127, at *2-3 (S.D.N.Y. Nov. 9, 1995), and discussed favorably by the Second Circuit, see New York State Teamsters Council Health and Hospital Fund v. Estate of DePerno, 18 F.3d 179, 183 (2d Cir. 1994).

>(2d Cir. 1999). Accordingly, "the court must ensure that there is a basis for the [plaintiff's] damages." Fustok v. ContiCommodity Services, Inc., 873 F.3d 38, 40 (2d Cir. 1989). Once the fact of damages has been established, the plaintiff must provide evidence "from which the amount of damages can be ascertained with reasonable certainty." Compania Pelineon De Navegacion, S.A. v. Texas Petroleum Co., 540 F.3d 53, 56 (2d Cir. 1976). . . .
>
>[However,] employers have an affirmative duty to "furnish to benefit plans the information needed for the plans' fulfillment of their reporting duties." Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 573 (1985). . . . Thus, once a plaintiff establishes his prima facie case by "produc[ing] evidence that raises genuine questions about the accuracy of the employer's records and the number of hours actually worked, the burden shifts to the employer to come forward with evidence" to counter the plaintiff's proffer regarding the precise amount of work performed. Local 282 Welfare Trust Fund v. A. Morrison Trucking, Inc., No. 92 Civ. 2076, 1993 WL 120081, at *1 (E.D.N.Y. Mar. 30 1993). The purpose of this rule is to prevent an employer from "escap[ing] liability for his failure to pay his employees the wages and benefits due to them under the law by hiding behind his failure to keep records as statutorily required." Brick Masons Pension Trust [v. Industrial Fence & Supply, Inc.], 839 F.3d [1333,]1338 [(9th Cir. 1988)].

(R&R at 13-16.) Plaintiffs object, however, to Judge Francis's application of the standard to the facts of this case. They argue that because they adduced evidence that some of the payees performed covered work, that defendants are liable for corresponding benefit contributions as to all of the fund's payees. This argument lacks merit for precisely the reason explained by Judge Francis.

The record reflects payments from the secret account to 152 individuals. Judge Francis awarded damages, however, only with respect to some of those payees – those who previously had either received benefit contributions from defendants, appeared on shop steward reports as having performed covered work, or were included in a prior audit as having performed covered

work. (R&R at 14.)[3] As to the 103 remaining payees, Judge Francis found that he had no basis from which to find that these payees had performed covered work and accordingly he declined to apply the burden-shifting analysis because under the relevant precedent the "relaxed standard of proof" applies "only to proof of the amount of damages and not to the fact of damages." (Id. at 16, quoting Brick Masons Pension Trust, 839 F.2d at 1339 n.4.)

Plaintiffs object to this analysis, arguing that Judge Francis's recommendation requires them to "make an exact showing of proof as to the remaining 103 payees." (P. Mem. at 5). Judge Francis's recommendation, however, requires no such precision. As the R&R emphasized, the issue is whether plaintiffs' proof as to the 103 payees is "too speculative to support a finding" of damages in *any* amount. (R&R at 16, quoting Brick Masons Pension Trust, 839 F.2d at 1339 n.4.) Far from holding plaintiffs to any "exact" showing, on a thorough review of the record, this Court finds, as Judge Francis recommended, that there is no evidence – either direct or from which a reasonable inference could be drawn – that these payees were carpenters, performed covered work, or had any relationship to the plaintiff funds. (id. at 17). That 49 payees did have such a relationship simply does not establish the identity of 103 other payees, where the only characteristic the payees have in common is that they were all paid from the instant account, about which nothing is known other than it was maintained by the defendant Quantum. On this record, plaintiffs have not provided a basis for a reasonable inference that the 103 payees were similarly situated and or performed covered work.

Accordingly this Court adopts the R&R as the opinion of the Court on this issue.

---

[3] Many of these employees appeared in two or all three of these sources. (Id.)

II.     Joint and Several Liability

Plaintiffs also object to the R&R insofar as Judge Francis declined to award damages beyond the principal amount owing (i.e., liquidated damages, attorneys' fees and costs) against Griffin individually.  The basis for this recommendation is the Magistrate Judge's finding that the plaintiffs "did not request that these items of damages be assessed against Mr. Griffin." (R&R at 24 n.2.)  On close review of the complaint, however, it appears that Judge Francis was in error.  Plaintiffs did allege that Griffin is liable "[a]s to [the ERISA] Count I . . . [for] interest, liquidated damages, attorneys fees, and costs, all as provided for in ERISA, Section 502(g) . . . ."  The Magistrate Judge may have overlooked this allegation because it was made under Count III of the Complaint, which plaintiffs style as "Punitive Damages as to Griffin."  (Am. Compl. ¶ 33.)  The location of the allegation within the complaint, or the heading over it, is of no matter.  A judgment by default "must not differ in kind from or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  Here, however, the default judgment entered against Griffin was not for an amount or category of damages greater than that demanded in the complaint.  The complaint specifically demanded that liquidated damages, attorneys' fees, and costs be awarded, against Griffin, under ERISA.  Griffin was thus on notice that a default would render him liable under ERISA for these categories of damages beyond the principal amount.

Accordingly, plaintiffs are entitled to recover damages under 29 U.S.C. § 1132(g)(2) against all defendants jointly and severally.

III.    Principal Damages Calculation

Finally, the plaintiffs object to the actual calculation of damages applicable to six of the 22 covered employees.  Although plaintiffs provide no explanation for the differences in

computation, having calculated de novo from the records in question it appears that the most substantial discrepancies involve Magistrate Judge Francis's determination that "[b]ased on Rule 54(c) of the Federal Rules of Civil Procedure, the Funds' damages should be limited to the time period set forth in the Complaint," which would exclude checks "arising from the period before January 1, 2003 or after December 31, 2004." (R&R at 17-18.) As noted above, Rule 54(c) requires that a judgment by default "must not differ in kind from or exceed in amount, what is demanded in the pleadings." Accordingly, this Court agrees that it is proper to exclude checks paid outside of the date range identified in the Complaint. The remaining disputes appear to be computational.

Relying on Exhibit 2, the amounts for the six disputed payees are amended as follows:

| Covered Employee | Contribution Owed |
|---|---|
| James Gibney | $506.21 |
| Gerard Hanrahan | $4,652.62 |
| Jeffrey Munoz | $4139.94 |
| Ronan O'Sullivan | $11,284.75 |
| Edmond Quinlan | $949.82 |
| John Shannon | $7,269.70 |

Consistent with these amendments to Appendix A of Judge Francis's R&R, the Court's tally of contributions owed is $82,222.69. The plaintiffs are entitled to recover for unpaid contributions in this amount, plus prejudgment interest.

## CONCLUSION

Accordingly, the R & R is adopted as the opinion of the Court except to the extent that the principal amount of the judgment shall be $82,222.69, and that defendant Griffin shall be jointly and severally liable for the liquidated damages, attorneys' fees, and costs awarded by the R&R. The Clerk is respectfully directed to docket plaintiffs' objections to the R & R, to enter judgment for the plaintiffs, and to close out the case on the Court's records.

SO ORDERED.

Dated: New York, New York
       December 9, 2008

                                           _____
                                              GERARD E. LYNCH
                                              United States District Judge